UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| JOHN OLIVER FRANCOIS | CIVIL ACTION NO. 2:25-1822 |
| | SECTION P |
| VS. | |
| | JUDGE TERRY A. DOUGHTY |
| SHERIFF STITCH GUILLORY, ET AL. | MAG. JUDGE KAYLA D. MCCLUSKY |

REPORT AND RECOMMENDATION

Plaintiff John Oliver Francois, a prisoner at Calcasieu Sheriff's Prison proceeding pro se and in forma pauperis, filed this proceeding on approximately November 20, 2025, under 42 U.S.C. § 1983. He names the following Defendants: Gary "Stitch" Guillory, Commander/Assistant Warden Christopher Domingue, Major/Assistant Warden F. Carlton, Captain R. Pilate, Sergeant Jang, Senior Corporal Bowman, Deputy Corbello, Deputy Stith, Deputy Lemeiux, Deputy Hanks, and Lieutenant Bryan Fontenot.[1]

For reasons that follow, the Court should retain Plaintiff's failure to protect claims against Defendants Jang, Bowman, Corbello, Lemeiux, Hanks, and Stith, as well as his failure to intervene claims against Defendants Bowman and Corbello. The Court should dismiss the following: (1) Plaintiff's claims against Sheriff Gary "Stitch" Guillory, Commander/Assistant Warden Christopher Domingue, Major/Assistant Warden F. Carlton, and Captain R. Pilate; (2) his state-created danger claim against Sergeant Jang; (3) his claims of failure to intervene against

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

Sergeant Jang, Deputy Lemeiux, Deputy Hanks, and Deputy Stith; and (4) his claim that

Lieutenant Fontenot denied his grievance.

### Background

Plaintiff alleges that his cellmate told Defendants Jang, Bowman, Corbello, Lemeiux,

Hanks, and Stith that if they placed him "back in the cell with Plaintiff that he was going to harm

Plaintiff." [doc. # 1, pp. 4-5]. He suggests that the other inmate made the threat on September

27, 2025. He claims that Defendants "should have written the inmate up for General Prohibited

Behavior 30(b) for threats to another inmate, according to policy." *Id.*

Plaintiff claims that Sergeant Jang created a danger when he told Plaintiff's cellmate that

Plaintiff "snitched" and told Jang that the other inmate covered a camera in the cell. [doc. # 1,

pp. 3, 7-8]. Plaintiff claims that Jang knew that the other inmate was a troublemaker, had been at

the jail for six years, caused chaos at the jail, behaved negatively towards others, and had a

pending murder charge. *Id.* at 3-4. Plaintiff claims that Jang "drew the conclusion that a

possible substantial risk of harm would be sustained because the inmate" told Jang that "he was

going to do something to Plaintiff if they (the defendants) were to place him back in the cell with

Plaintiff." *Id.* at 4. The other inmate threatened Plaintiff with physical violence "multiple times

in Sgt. Jang's presence while cuffed and separated from Plaintiff." *Id.* at 5.

Plaintiff alleges that on September 27, 2025, his cellmate struck him with a closed fist

and strangled him, causing him jaw swelling and difficulty breathing. [doc. # 1, pp. 3-4].

Plaintiff claims that Jang, Bowman, Corbello, Lemeiux, Hanks, and Stith failed to protect him

from the attack by failing to report the inmate's threats to harm him. *Id.* at 5-6. He claims that

Jang, Bowman, Corbello, Lemeiux, Hanks, and Stith failed to protect him when, after the other

inmate threatened Plaintiff "with physical violence multiple times in [their] presence while

2

cuffed and separated from Plaintiff[,]" they "still placed that inmate in the cell with Plaintiff," "uncuffed the inmate[,] stood by watching and waiting for the violent inmate to attack Plaintiff[,]" and allowed the inmate to attack Plaintiff. *Id.* at 5-7.

Plaintiff claims that Defendants Bowman and Corbello failed to intervene by failing to stop the other officers from "placing the inmate in the cell with Plaintiff[.]" [doc. # 1, p. 6].

Plaintiff claims that Sheriff Guillory failed to train his subordinates. [doc. # 1, p. 3]. He also claims that Assistant Wardens Domingue, Carlton, and Pilate failed to train Jang, Bowman, Corbello, Lemeiux, Hanks, and Stith "on failure to protect, failure to intervene, and Sgt. Jang's state-created danger[.]" *Id.*

Plaintiff claims that on October 16, 2025, Lieutenant Fontenot denied his grievance concerning the attack described above. [doc. # 1, p. 8].

For relief, Plaintiff seeks compensatory and punitive damages. [doc. # 1, p. 9].

**Law and Analysis**

**1. Preliminary Screening**

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2] *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Because he is proceeding in forma pauperis*,* his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra*.

In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra.* A pleading comprised of

"labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. A complaint fails to state a claim where its factual allegations do not "raise a right to relief above the speculative level." *Montoya v. FedEx Ground Package Sys., Inc*., 614 F.3d 145, 148 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555). "[U]nadorned, the-defendant unlawfully-harmed-me accusation[s]" will not suffice. *Iqbal*, 556 U.S. at 677.

"[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. Failure to Protect**

To state a failure-to-protect claim, a plaintiff must allege that a defendant's action or inaction amounted to deliberate indifference. That is, he must allege that a defendant "knew of

and disregarded a substantial risk of serious harm." *Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 420 (5th Cir. 2017). "Deliberate indifference is an extremely high standard to meet." *Domino v. Texas Dep't of Crim. Just.*, 239 F.3d 752, 756 (5th Cir. 2001).

Here, construing the allegations liberally and in Plaintiff's favor, the Court should retain Plaintiff's claims against Jang, Bowman, Corbello, Lemeiux, Hanks, and Stith. It plausible that these Defendants knew of a substantial risk of serious harm when Plaintiff's cellmate told them multiple times that if they placed him "back in the cell with Plaintiff that he was going to harm Plaintiff." [doc. # 1, pp. 4-5]. Moreover, according to Plaintiff, Jang told Plaintiff's cellmate that Plaintiff "snitched," and Jang knew that the other inmate was a troublemaker, had been at the jail for six years, caused chaos at the jail, behaved negatively towards others, and had a pending murder charge. *Id.* at 3-4.

Further, it is at least plausible that these Defendants disregarded the substantial risk of serious harm when they returned the inmate to the cell with Plaintiff the same day instead of reporting the inmate, making other efforts to separate the inmate from Plaintiff, or foregoing placing the inmate back in the cell.

**3. Failure to Intervene**

Plaintiff claims that Jang, Bowman, Corbello, Lemeiux, Hanks, and Stith failed to intervene when they failed to report his cellmate's threats to harm him and when they placed the inmate back to Plaintiff's cell. [doc. # 1, pp. 4-5]. Plaintiff also claims that Defendants Bowman and Corbello failed to intervene when they did not stop the other officers from "placing the inmate in the cell with Plaintiff[.]" *Id.* at 6.

"[A]n officer is liable for failure to intervene when that officer: (1) knew a fellow officer was violating an individual's constitutional rights, (2) was present at the scene of the

constitutional violation, (3) had a reasonable opportunity to prevent the harm but nevertheless, (4) chose not to act." *Timpa v. Dillard*, 20 F.4th 1020, 1038 (5th Cir. 2021), *cert. denied,* 142 S. Ct. 2755 (2022) (quoted source omitted).

Here, with respect to former claims above against Jang, Bowman, Corbello, Lemeiux, Hanks, and Stith, Plaintiff does not state a plausible claim because he does not allege that Defendants failed to prevent fellow officers from violating his constitutional rights.  Rather, he alleges—as explained above—that the officers failed to protect him from the threatening inmate. The Court should dismiss these claims.

The Court should, however, retain the latter claims.  Plaintiff plausibly alleges that Defendants Bowman and Corbello knew the other officers were failing to protect Plaintiff from harm when they were placing the threatening inmate back into the cell, that Bowman and Corbello were present at the time, and that Bowman and Corbello had a reasonable opportunity to prevent the other officers from introducing the inmate back into the cell but chose not to act.

### 4. Failure to Train

Plaintiff claims that Sheriff Guillory failed to train his subordinates.  [doc. # 1, p. 3].  He also claims that Assistant Wardens Domingue, Carlton, and Pilate failed to train Jang, Bowman, Corbello, Lemeiux, Hanks, and Stith "on failure to protect, failure to intervene, and Sgt. Jang's state-created danger[.]" *Id.*

As to Guillory, and even construing the allegation liberally and in Plaintiff's favor, Plaintiff only presents a label, conclusion, and threadbare, formulaic recitation of a cause of action, namely, 'failure to train.'  This does not satisfy Federal Rule of Civil Procedure 8.  The Court should dismiss this claim.

As to the claims against Domingue, Carlton, and Pilate, Plaintiff's claim is similarly conclusory. Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations; or (ii) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir. 1992). "Vicarious liability does not apply to § 1983 claims." *Pierce v. Texas Dept. of Crim. Justice, Inst. Div.*, 37 F.3d 1146, 1150 (5th Cir. 1994). "'[A] plaintiff must show either [that] the supervisor personally was involved in the constitutional violation or that there is a sufficient causal connection between the supervisor's conduct and the constitutional violation.'" *Brown v. Taylor*, 911 F.3d 235, 245 (5th Cir. 2018) (quoting *Evett v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 330 F.3d 681, 689 (5th Cir. 2003)).

Here, Plaintiff at best presents a formulaic recitation of a cause of action. In addition, he claims that Defendants failed to train subordinates, but he does not explain how. He does not specify what training the defendants' subordinates lacked. He alleges that various officers failed to protect him from harm, failed to intervene, and created a danger, but then he blames defendants' failure to train without identifying any deficiency in training. *See Roberts v. City of Shreveport*, 397 F.3d 287, 293 (5th Cir. 2005) ("[F]or liability to attach based on an 'inadequate training' claim, a plaintiff must allege with specificity how a particular training program is defective. . . . Plaintiffs cannot prevail by styling their complaints about the specific injury suffered as a failure to train claim.").[3] Essentially, he seems to claim that Defendants are vicariously liable for the others' action or inaction. Domingue, Carlton, and Pilate cannot be

---

[3] See *Ratliff v. Aransas Cty., Texas*, 948 F.3d 281, 285 (5th Cir.), *cert. denied,* 141 S. Ct. 376 (2020) ("Ratliff's complaint states in conclusory fashion that a 'deficiency in training actually caused Defendants Scudder and Sheffield to violate Plaintiff's constitutional rights.' But, absent specific allegations supporting a plausible causation inference, this legal conclusion does not state a claim for relief and warrants dismissal under Rule 12(b)(6).").

vicariously liable; the Court should dismiss these claims.

### 5. State Created Danger

Plaintiff claims that Sergeant Jang created a danger when he told Plaintiff's cellmate that Plaintiff "snitched" and told Jang that the other inmate covered a camera in the cell. [doc. # 1, pp. 3, 7-8]. The United States Court of Appeals, Fifth Circuit, however, has declined to adopt the state-created danger doctrine. *Zinsou v. Fort Bend Cnty.*, 2023 WL 4559365, at *2 (5th Cir. July 17, 2023). On November 17, 2025, the Fifth Circuit decided to adopt the theory, but on February 19, 2026, the Fifth Circuit vacated the November 17, 2025 panel opinion, ordering that the cause "shall be reheard by the court en banc . . . ." *Sterling v. City of Jackson, Mississippi*, 159 F.4th 361, 386 (5th Cir. 2025), *reh'g en banc granted, opinion vacated,* 167 F.4th 806 (5th Cir. 2026). Accordingly, the Court should dismiss this claim.

### 6. Denied Grievance

Plaintiff claims that on October 16, 2025, Lieutenant Fontenot denied his grievance about the attack described above. [doc. # 1, p. 8].

A prisoner does "not have a constitutional right to have his grievances resolved in his favor or to have his claims reviewed pursuant to a grievance process that is responsive to his perceived injustices . . . ." *Burgess v. Reddix*, 609 F. App'x 211 (5th Cir. 2015); *see Alexander v. Texas Dep't of Criminal Justice*, 2020 WL 826452, at *2 (5th Cir. Feb. 20, 2020) (affirming dismissal of a claim that grievances were mishandled or improperly denied because "prisoners have no due process rights in the inmate grievance process.").

In *Sandin v. Conner*, 515 U.S. 472, 475 (1995), the Supreme Court left prisoners without a federally-protected right to have grievances investigated and resolved. *See Taylor v. Cockrell*,

9

92 Fed. App'x. 77, 78 (5th Cir. 2004) (holding that "claims that the defendants violated his constitutional rights by failing to investigate his grievances fall short of establishing a federal constitutional claim."); *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005) ("[The plaintiff] does not have a federally protected liberty interest in having . . . grievances resolved to his satisfaction. . . . [A]ny alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless."). Here, accordingly, the Court should dismiss Plaintiff's claim.

## Recommendation

For the reasons above, **IT IS RECOMMENDED** that the following claims filed by Plaintiff John Oliver Francois be **DISMISSED WITH PREJUDICE** as legally frivolous and for failing to state claims on which relief may be granted: (1) his claims against Sheriff Gary "Stitch" Guillory, Commander/Assistant Warden Christopher Domingue, Major/Assistant Warden F. Carlton, and Captain R. Pilate; (2) his state-created danger claim against Sergeant Jang; (3) his claims of failure to intervene against Sergeant Jang, Deputy Lemeiux, Deputy Hanks, and Deputy Stith; and (4) his claim that Lieutenant Fontenot denied his grievance.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R.**

**Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 1st day of May, 2026.

Kayla Dye McClusky
United States Magistrate Judge